UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DANIEL CHEN,

Plaintiff,

v.

NAVARRE CORPORATION, ERIC H. PAULSON, CHARLES E. CHENEY, ALFRED TEO, DICKINSON G. WILTZ, JAMES G. SIPPL and MICHAEL L. SNOW,

Defendants.

CIVIL NO. 99-1955 (RHK/JMM)

ORDER

---

JUDY POUCHER, on behalf of herself and all others similarly situated,

Plaintiff,

v.

NAVARRE CORPORATION, ERIC H. PAULSON, CHARLES E. CHENEY, ALFRED TEO, DICKINSON G. WILTZ, JAMES G. SIPPL and MICHAEL L. SNOW,

Defendants.

CIVIL NO. 00-190 (DWF/AJB)

The above matter came on for hearing before the undersigned on February 25, 2000 upon Plaintiff's Motion for Consolidation, for Appointment of Lead Plaintiff and Appointment of Lead Counsel [Docket No. 7 in Civil File No. 99-1955 (RHK/JMM) and Docket No. 2 in Civil File No. 00-190 (DWF/AJB)]. Richard Lockridge, Esq., Greg Fishbein, Esq. and Adam Gonnelli, Esq. appeared on behalf of Plaintiffs in each case; David Pearson, Esq. appeared on behalf of Defendants in each case.

FILED MAR 0 1 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. The Motion for consolidation of these actions for all further proceedings, including trial on the merits, is granted. Pursuant to the provisions of Rule 42(a), the matters of Daniel Chen v. Navarre Corporation, et al., Civil File No. 99-1955 (RHK/JMM) and Judy Poucher, on behalf of herself and all others similarly situated v. Navarre Corporation, et al., Civil File No. 00-190 (DWF/AJB) are consolidated for all purposes. The Clerk may close Civil File No. 00-190 (DWF/AJB) and merge the contents thereof with Civil File No. 99-1955 (RHK/JMM).

2. This Order of Consolidation shall apply automatically to all other substantively related actions which have been filed or may be filed that request class action treatment of the claims against Navarre Corp.

3. All pleadings hereafter filed in these consolidated matters shall bear the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re:
Navarre Corp. Securities Litigation

MASTER FILE NO. 99-1955 (RHK/JMM)

THIS DOCUMENT RELATES TO:
ALL ACTIONS

[or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases.]

4. A copy of this Order shall be docketed in all of the constituent files, but the files in this consolidated action shall be maintained under Master File No. 99-1955 (RHK/JMM), and all Orders, pleadings, Motions, and other documents will, when filed and docketed in the Master File, be deemed to be filed and docketed in each applicable constituent file.

5. The Motion is in all other respects denied without prejudice to renewal.

6. No further pleadings shall be filed with respect to Defendants' Motions to Dismiss, until further Order of this Court.

Dated: March 1, 2000

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

We have granted the Motion to Consolidate. That Motion is unambiguously unopposed by Defendants, and consolidation is warranted by the provisions of Rule 42 of the Federal Rules of Civil Procedure.

Defendants' written pleadings and oral argument left the Court with the impression that they did not oppose the proposed Order for appointment of lead plaintiffs, and selection of their counsel, and only opposed the proposed opportunity for Plaintiffs to

file a Consolidated Amended Complaint.[1] After the hearing, however, Defendants submitted a "Supplemental Memorandum" in which they requested that the Court "appoint Chen and Poucher as lead plaintiffs, or hold an evidentiary hearing to determine whether Plaintiff Chen and Plaintiff Poucher should be part of the lead plaintiff group," or other alternative relief. This request is inconsistent with the statements made to the Court in other written and oral presentations. It does not appear that Defendants' current suggestion is based upon facts not known (or knowable) at those earlier times when Defendants made their different views known to the Court.

We conclude that Plaintiffs' Motion should be denied without prejudice, except as it relates to Consolidation. It is preferable that the Court resolve procedural issues early in the litigation, so the Motion is denied without prejudice to the renewal of the Motion. In addition to the comments in the Supplemental Memorandum of Defendants, we make the following observations.

**Selection of Most Qualified Plaintiff (Lead Plaintiffs)**

From the materials submitted in support of the Motion, we are unable to glean what distinguishes the proposed Lead Plaintiffs from others who purchased stock in the Defendant corporation. We are skeptical that Congress envisioned that in all cases of this kind, a large number of plaintiffs would be selected as "the most adequate plaintiff."

Under the Private Securities Litigation Reform Act, where more than one action on behalf of a class is commenced, the Court has the duty to select as Lead Plaintiff

---

[1] We do note, however, that Defendants' Memorandum stated that they "expressly reserve their right to contest class certification at a later time, which may include contesting related [sic] issues."

the "most adequate plaintiff." In making that decision under 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court is to presume that the most adequate plaintiff is "the person or group of persons that --(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." None of the parties proposed as a Lead Plaintiff by the Motion meets the criteria specified in subparagraph (aa). Daniel Chen and Judy Poucher did file a Complaint, but neither is proposed as a Lead Plaintiff. Daniel Chen is referred to in a table supplied with the Memorandum of Plaintiff, but neither Daniel Chen nor Judy Poucher is proposed as a Lead Plaintiff in the Motion or the Proposed Order.

The Affidavit of Frank Rivera states: "I purchased" a total of 17,600 shares, at a cost in excess of $239,000. In comparison to the other proposed Plaintiffs, this would appear to make him the person with the largest financial interest of which the Court has been made aware, under subparagraph (bb). However, Mr. Rivera is not proposed as a Lead Plaintiff. It is proposed that Advanced Data Concepts, Inc. be such a Plaintiff. The evidence that Advanced Data Concepts, Inc., purchased any stock appears solely in the fact that, in the Affidavit signed by Frank Rivera, he apparently has written the words "Advanced Data Concepts, Inc." under his signature.

**Selection of Lead Counsel**

After the Court determines the identity of the most adequate Plaintiff, then "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The only evidence in the

record on this subject is in the Affidavit of Frank Rivera in which he states that he has "read and reviewed the class action complaint filed herein and have retained the law firms of Krause & Kalfayan and Lockridge Grindal Nauen PLLP to litigate the claims stated therein on my behalf."

**Motions to Amend/Dismiss**

Defendants have answered the current Complaints. At oral argument, counsel for Defendants advised that they have filed a Motion to Dismiss each of the Complaints. Counsel for Plaintiffs desire to amend to assert a Consolidated Class Action Complaint, and to correct any perceived pleading deficiencies. We have ordered that further proceedings with respect to the Motions to Dismiss be stayed, to permit the Court to first determine the issues concerning the appointment of Lead Plaintiffs and Lead Counsel, and then whether the contemplated Motion to Amend the Complaint should be granted. If the Motion to Amend is denied, the parties may complete their briefing of the Motions to Dismiss. If the Motion to Amend is granted, then the Motions to Dismiss the current Complaints will be moot, without prejudice to the filing of a new Motion to Dismiss the Amended Complaint, if appropriate.

The first time a Plaintiff responds to a Motion to Dismiss, we think it preferable to afford to the Plaintiff an unfettered opportunity to seek to amend the Complaint. This clearly serves judicial economy. If an early Motion to Dismiss is granted, dismissal is ordinarily granted without prejudice. Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995); Huelsman v. Civic Center Corp., 873 F.2d 1171, 1176 (8th Cir.

1989).[2]

By permitting the Plaintiff to amend in response to the Motion to Dismiss, the Court and the parties avoid the unnecessary burden of considering unnecessary procedures. If a Motion to Dismiss is directed at a Complaint which has already been amended, the potential for a dispositive determination is increased. "An action should be dismissed with prejudice 'only after balancing the policy of giving the plaintiff her day in court against [the] policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures.'" Omaha Indian Tribe, 933 F.2d at 1468 (quoting Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir. 1983)).

There are many procedural steps which must be concluded in this matter. Consolidation of the Complaints has been achieved. The Court must select Lead Plaintiffs, and approve counsel for Lead Plaintiffs; the Complaint must be finalized; consideration of Motions to Dismiss must be concluded; and the determination of class issues must be made. Taking these issues out of sequence will lead to delays and expenses which are not warranted. It is to be expected that the parties will schedule hearings promptly. The Court, where appropriate, will agree to expedited time schedules for the briefing and hearing of motions.

J.M.M.

---

2 See also Omaha Indian Tribe v. Tract I--Blackbird Bend Area, 933 F.2d 1462, 1468 (8th Cir.), cert. denied, 502 U.S. 942 (1991); Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95, 96 (8th Cir. 1971).